IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

EDWIN J.,

    Plaintiff,

vs.

ANDREW M. SAUL,
Commissioner of Social Security
Administration,

    Defendant.

Case No. 19-CV-176-FHM

**OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's April 18, 2016, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Dierdre O. Dexter was held January 24, 2018. By decision dated March 13, 2018, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on February 1, 2019. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 56 years old on the alleged date of onset of disability and 61 at the time of the ALJ's denial decision. He has a high school education and formerly worked as a forklift operator, security/safety guard, pipeline inspector, composite job clerical office manager/delivery driver. He claims to have been unable to work since the amended onset date of March 29, 2016, as a result of back and leg pain due to degenerative disc disease, status post anterior cervical discectomy, C4-7, obesity, and side effects of narcotic medications.

## The ALJ's Decision

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform a reduced range of light work with the following restrictions: lift, carry, push, or pull up to 10 pounds frequently and 20 pounds occasionally; sit for up to 6 hours in an 8-hour workday, and stand and/or walk up to 6 hours in an 8-hour workday; the need to change positions can be accommodated by the 15 minute morning and afternoon breaks and the 30-minute lunch break provided during an 8-hour workday; occasionally climb ramps or

stairs, but never climb ladders, ropes or scaffolds; occasionally able to stoop, kneel or crawl; but should not crouch; the job should not involve frequent bending to lift; occasionally able to reach overhead. [R. 22].

The ALJ found that Plaintiff is unable to perform his past relevant work, but has acquired work skills as a clerical office manager at the semi-skilled level including: communicating; office machines; data entry; preparing; ordering; reporting; and record keeping. [R. 29]. Based on the testimony of a vocational expert, the ALJ determined that Plaintiff can perform the representative occupation of general office clerk, light exertion at the semi-skilled level, with the significant number of 430,000 such jobs in the national economy. The ALJ further found that the job of general office clerk would require the transferable skills of using office machinery, (reviewing) record keeping, and preparing (paperwork), and no other skills. [R. 30]. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that: the ALJ failed to properly consider the treating physician's opinions; the ALJ failed to properly consider his allegations; the ALJ's RFC assessment is not supported by substantial evidence; and the ALJ failed to consider the degree of skills transferability.

## Analysis

Dr. Tidwell, a family medicine practitioner, provided medical care to Plaintiff, treating his back pain and other complaints from January 2015 through January 2018. Throughout

this time frame, Dr. Tidwell saw Plaintiff about once a month.  On June 22, 2016, Dr. Tidwell provided a Medical Source Opinion of Residual Functional Capacity wherein he opined that Plaintiff could stand/walk for 2-3 hours of an 8-hour workday and could frequently lift/carry 15 pounds.  He stated that the medical findings that support his assessment were:  "chronic neck pain with history of cervical disc disease and surgery. Diagnosed with lumbar degenerative disc disease with chronic pain." [R. 358]. On January 10, 2018, Dr. Tidwell opined that Plaintiff's ability to frequently lift/carry was reduced to 10 pounds.  [R. 465].

In cases such as this one filed before March 27, 2017, an ALJ is required to give controlling weight to a treating physician's medical opinion about "the nature and severity of [a claimant's] impairment(s), including [his] symptoms, diagnosis and prognosis, what [he] can still do despite impairment(s), and [his] physical and mental restrictions," if the opinion is both: (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004).  "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Watkins v.* Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003).  However, even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." *Id.* (quotation omitted).  If the ALJ rejects the opinion completely, specific legitimate reasons must be given for doing so.  *Miller v. Chater,* 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

The ALJ acknowledged that Dr. Tidwell, a family medicine doctor, treated Plaintiff regularly over a period of several years.  The ALJ stated she gave consideration to the factors listed in the regulations, but did not give Dr. Tidwell's medical opinions controlling weight because the ALJ found that the objective evidence did not fully support Dr. Tidwell's limitations:

> There are minimal objective findings, given the extensive use of prescribed pain medicines.  The objective treatment record does not fully support the allegations of pain so severe as to prevent work, or the limitations in Dr. Tidwell's medical opinions.  The chest x-ray in 2014 had not shown abnormality with respect to the cervical spine hardware.  Further x-rays of the lumbar spine on January 11, 2018 revealed throughout the spine only minimal anterior spondylosis.  Although there was bilateral joint facet arthropathy at L4-5 and L5-S1, the intervertebral disc spaces were, maintained.  There were no acute findings (Exhibit 11F).   Substantial evidence is inconsistent with Dr. Tidwell's medical opinions.  I do not accord controlling, but little weight to Dr. Tidwell's medical opinions. Further, for reasons described above, the claimant's symptoms of pain are not fully consistent with the objective medical evidence and the other evidence of record.  The claimant is therefore limited to a restricted range of light work, but the evidence does not support limiting him further.

[R. 26-27].  Plaintiff argues that the objective evidence cited by the ALJ does not support the rejection of Dr. Tidwell's opinions.

The treatment of Dr. Tidwell's opinions is highly important to the outcome of this case.  Because of Plaintiff's age, education, work background, and the vocational expert's testimony about the transferability of skills,[2] if Plaintiff is limited to sedentary work as would

---

[2]  The vocational expert testified that the skills Plaintiff acquired in his past work that would transfer to other work are: "office skills, such as the utilization of office machinery.  Also, the reviewing, the record-keeping, and the preparation of paperwork." [R. 71].  However, the vocational expert also testified that there would be a moderate amount of adjustment required to apply those skills. *Id*. The Commissioner's regulations provide:

(continued...)

be the case if Dr. Tidwell's opinion about the amount of walking and standing Plaintiff can perform is accepted, it appears that the Medical-Vocational Guidelines (Grids)[3] would direct a finding of disabled. Rule 201.06, Pt. 404, Subpt. P, App. 2.

Throughout the relevant time frame Dr. Tidwell prescribed and adjusted the dosages of powerful narcotic pain medication: Opana, Oxycodone, Oxymorphone, and Morphine. At times throughout his treatment, Plaintiff reported good pain control and at other times pain was not adequately controlled by medication. Often the record reflects inadequate pain control with increased activity. In addition, the record reflects complaints of medication side effects and that Plaintiff has stopped driving because of the pain medication he takes. The ALJ referred to the x-ray report as not supporting the allegations of pain, noting that a January 11, 2018, lumbar spine x-ray showed only minimal anterior spondylosis. That same x-ray report noted bilateral joint facet arthropathy at L4-5 and L5-S1. Plaintiff asserts that the finding of minimal anterior spondylosis does not negate the problems and pain caused by a different problem disclosed by the x-ray: bilateral facet joint arthropathy. The court agrees.

---

[2] (...continued)
    In order to find transferability of skills to skilled sedentary work for individuals who are of advanced age (55 and over), there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry.
20 C.F.R. Pt. 404, Subpt. P., App. 1, §200.00 (f).

[3] The Medical-Vocational Guidelines (Grids) are matrices of four factors– physical ability, age, education, and work experience. The Grids set forth rules that identify whether jobs requiring specific combinations of those factors exist in significant numbers in the national economy. *Daniels v. Apfel*, 154 F.3d 1129, 1132 (10th Cir. 1998) (quoting *Heckler v. Campbell,* 461 U.S. 458, 461-62, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). When all factors coincide with the criteria of a Grid Rule, then the ALJ can rely on the Rule to establish the existence of jobs at step five of the evaluative sequence. 20 C.F.R. Pt. 404, Subpt. P. App. 2, 200(b).

Facet joints are the joints on the back of the spine that counterbalance the disks. Over time these joints can wear down and arthritis can occur, known as facet arthropathy. The symptoms of facet arthropathy are lower back pain that worsens with standing, twisting, or bending backward. Although facet arthropathy pain does not typically radiate into the buttocks or down the legs, the joints can become enlarged and press on the nerve roots that could cause pain to radiate into the lower extremities. *What is facet arthropathy? Healthline.com* (visited May 6, 2020) (healthline.com/health/facet-arthropathy). It appears that the ALJ failed to recognize that the January 2018 x-ray identified a condition that would explain Plaintiff's continued complaints of pain with increased activity. The ALJ also noted there were no acute findings on the x-ray. [R. 27]. That comment does not provide any basis for the disregard of Dr. Tidwell's opinion because Plaintiff's back pain was a chronic (ongoing) problem, not one of recent onset (acute).

The ALJ stated that substantial evidence is inconsistent with Dr. Tidwell's medical opinions, but aside from the opinions of the state agency medical consultants and the aforementioned x-ray which tends to support Plaintiff's allegations of pain, the ALJ did not identify the substantial evidence. The undersigned finds that the opinions of the state agency medical consultants to which the ALJ gave "the greatest weight," [R. 28], do not constitute substantial evidence to disregard Dr. Tidwell's opinion or to support the RFC finding. The state agency consultants only reviewed Dr. Tidwell's records through June 22, 2016. The later records reveal frequent complaints of increased pain with any activity, the prescription of additional medication including morphine, and lumbar x-ray showing bilateral facet joint arthropathy. In the ALJ's summary of the medical record, the ALJ pointed out that on examination Plaintiff had normal strength in his lower extremities; the

lack of lower extremity numbness, tingling, or weakness; and no indication of neurological abnormality. [R. 26]. Those observations do not address the problem about which Plaintiff consistently complained throughout his history with Dr. Tidwell: increased pain with minimal activity.

Based on the foregoing, the court finds that the ALJ did not properly support her rejection of Dr. Tidwell's medical opinion about what Plaintiff can still do despite his physical restrictions. This error requires reversal of the ALJ's decision and so affected the rest of the ALJ's analysis that no purpose would be served by addressing the remainder of Plaintiff's allegations.

## **Conclusion**

The court finds that the ALJ failed to properly evaluate the treating physician's medical opinion and that as a result the ALJ's conclusions are not supported by substantial evidence. Accordingly, the decision finding Plaintiff not disabled is REVERSED and the case is REMANDED for further proceedings.

SO ORDERED this 19th day of May, 2020.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE