UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **EDWIN J.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) Case No. 19-CV-176-CDL |
| v. | ) |
| | ) |
| **KILOLO KIJAKAZI,** [1] | ) |
| **Acting Commissioner of the** | ) |
| **Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## OPINION AND ORDER

Before the Court is the motion of plaintiff's counsel for an award of attorney fees in the amount of $15,026.13, pursuant to 42 U.S.C. § 406(b). (Doc. 29). Upon review of the request and all filings related thereto, the plaintiff's stated lack of objection to the award of fees (Doc. 30), the defendant's response (Doc. 31) in support of the motion, and consistent with the law governing fee awards under § 406(b), the Court finds and concludes that the motion (Doc. 29) should be granted.

**I.    Background**

According to the motion, an administrative decision awarding benefits to the plaintiff was issued on January 16, 2021 following prior remand by the court. A notice of award was subsequently issued, and on July 6, 2022, the Social Security Administration

---

[1] In July, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. Thus, pursuant to Fed. R. Civ. P. 25(d), Kilolo Kijakazi is substituted as the Defendant in this action.

informed plaintiff's counsel that plaintiff's past-due benefits were $84,104.50 and that 25 percent of that ($21,026.13) had been withheld from that amount to pay attorney's fees. Plaintiff's contract with her counsel provides for a fee of 25% of past-due benefits, if awarded. The plaintiff's counsel is requesting an award of $15,026.13 for work performed in federal court. (Doc. 29 at 2).

On September 10, 2020, the court awarded plaintiff attorney fees of $4,666.50 under the Equal Access to Justice Act (EAJA). (Doc. 25). Plaintiff's counsel represents that the EAJA amount will be refunded, such that the net attorney fee to be paid by plaintiff will be $10,359.63.

## II.   Discussion

"Congress prescribed specific limitations on the amount of fees which may be awarded for representation of Social Security claim[ants]." *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 932 (10th Cir. 2008). Section 406(b) controls fees for representation in court, while § 406(a) deals with fees incurred for representation in the administrative proceedings. *Id.* (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). "Under 42 U.S.C. § 406(b), whenever a court finds in favor of a claimant who was represented by an attorney, it may determine a reasonable fee for court representation, not in excess of 25% of the past-due benefits awarded by reason of the judgment." *Id.* (citing § 406(b)(1)(A)).

A successful claimant may also apply for fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  EAJA fees are assessed against the United States when its actions were not "substantially justified." *Id.*  EAJA fees are made payable to the plaintiff, whereas fees under § 406(b) are directly distributed to plaintiff's counsel from past-due

benefits. However, if plaintiff's counsel was paid from the EAJA fee award, counsel must refund to the plaintiff the lesser of the EAJA award or the § 406(b) award. *See Gisbrecht*, 535 U.S. at 796.

The Court finds the amount sought under § 406(b) is reasonable under all of the circumstances of this case. Plaintiff does not object to the amount or award, the plaintiff's contract with counsel contemplated fees in the amount of 25% of past-due benefits, and the amount of work expended and total award are reasonable and within the 25% contemplated.

### III. Conclusion

Plaintiff's counsel should be awarded $15,026.13 in fees pursuant to § 406(b). Therefore, the motion (Doc. 29) is hereby **granted**, and counsel for the plaintiff is awarded § 406(b) fees in the amount of $15,026.13, to be paid from the amount withheld from the plaintiff's past-due benefits. The Commissioner shall disburse that amount to plaintiff's counsel from the plaintiff's past-due benefits. Plaintiff's counsel shall refund to plaintiff the amount of the earlier EAJA award, pursuant to *Gisbrecht*, 535 U.S. at 796 and *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 8th day of August, 2022.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge